UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

IPVX PATENT HOLDINGS, INC.,

                        Plaintiff,

   -against-

TARIDIUM LLC,

                        Defendant.

----------------------------------------X

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

12-CV-5251 (KAM)(SMG)

**MATSUMOTO, United States District Judge:**

        On November 11, 2011, Klausner Technologies, Inc. ("Klausner") commenced this patent infringement case against defendant Taridium, LLC ("Taridium" or "defendant") in the United States District Court for the Eastern District of Texas. Klausner alleged that defendant had infringed upon its patent for a "Telephone Answering Service Linking Displayed Data with Recorded Audio Message," Patent No. 5,572,576 (the "'576 Patent").[1] (*See* ECF No. 1, Complaint filed 11/1/11 ("Compl.").) The case was transferred to the Eastern District of New York on October 19, 2012. (*See* Docket Entry No. 1 dated 11/1/11.) On

---

[1] The objects of the '576 patent are to (i) "provide a telephone answering device ('TAD') that allows visual identification of callers' identities and selective access to their linked recorded voice messages," (ii) "provide a link between each recorded voice message and personal information prestored in data base memory related to that caller," (iii) "provide a TAD that displays a list of all caller's identities . . . so that the user may selectively access the voice message associated with a given caller without having to listen to all preceding voice messages," and (iv) provide these services "remotely over the telephone lines." (Compl., Ex. A, '576 Patent, at 17.)

April 10, 2013, the Honorable Steven M. Gold granted Klausner's motion to substitute IPVX Patent Holdings, Inc. ("IPVX" or "plaintiff") as the sole plaintiff, as Klausner's rights in the patent had been transferred to IPVX on May 17, 2012. (*See* ECF No. 45, Order Granting Motion to Substitute Party dated 4/10/13.)

The Clerk of Court entered a certificate of default against defendant on May 23, 2013, because it had failed to appear or otherwise defend this action after being served with process. (ECF No. 47, Entry of Default dated 5/23/13.) On December 3, 2013, Chief Magistrate Judge Gold ordered plaintiff to file a motion for entry of default judgment by January 10, 2014, or he would recommend that the case be dismissed.

On January 10, 2014, plaintiff moved for entry of default judgment against defendant. (ECF No. 48, Motion for Default Judgment filed 1/10/14.) On January 13, 2014, this court referred plaintiff's motion for default judgment to Judge Gold for a Report and Recommendation. (Order dated 1/13/14.) On August 6, 2014, Judge Gold issued a Report and Recommendation (ECF No. 55, Report and Recommendation dated 8/6/14 ("R&R")), in which he recommended that plaintiff's motion for default judgment on its patent infringement claim be granted, and that plaintiff be awarded (i) $75,000, plus prejudgment interest at

the rate of 3.25%, compounded annually, from July 13, 2010 to the date of final judgment; and (ii) costs in the amount of $213.67. (R&R at 11.) In addition, Judge Gold recommended that attorney's fees not be awarded. (*Id.* at 10-11.)

In recommending a damages award of $75,000, Judge Gold accepted, for the purposes of the R&R, plaintiff's assertion that defendant's infringement took place over approximately 3.5 years, from October 24, 2008 to March 31, 2012, the date of the patent's expiration. (R&R at 5.) Judge Gold, however, invited plaintiff to "explain in greater detail the basis for its assertion that Taridium began infringing on October 24, 2008" during the statutory period for filing objections to the R&R. (*Id.*)

The R&R, which was mailed to defendant on August 7, 2014 (*see* ECF No. 56, Affidavit of Service), notified the parties of the right to file written objections by August 25, 2014, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). (R&R at 11.) On August 25, 2014, per Judge Gold's suggestion, plaintiff filed a supplement to explain in greater detail the basis for its assertion that defendant began infringing its patent on or about October 24, 2008. (ECF No. 57, Supplement filed 8/25/14.) Specifically, plaintiff submitted three exhibits: (1) a 2007 Taridium advertisement from

the Internet, in which Taridium advertised the "End-User Web Interface" of its voicemail services, including a feature where voice messages could be attached to emails and users could "access their voicemail from their cellphones in the same way as if they were using their carrier's mailbox" (Supplement, Ex. 1); (2) a screenshot of Taridium's end-user web interface, from 2008, displaying four voicemail messages dated on or between September 11, 2007, and January 29, 2008, which suggests that individual voicemails could be accessed selectively by the user (the same technology covered by the patent at issue) (Supplement, Ex. 2); and (3) a Taridium advertisement, accessed online on October 4, 2008, touting "Visual Voicemail [that] allows you to go directly to any of your messages without listening to the prior messages" (Supplement, Ex. 3). Plaintiff further notes that it does not object to the R&R and that it "only requests that the Court award damages for a period beginning October 24, 2008," as contemplated by Judge Gold's R&R. (Supplement at 1-2.) Defendant has not filed any objections to the R&R. (*See* docket.)

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). Where no objection to the Report and

Recommendation has been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted)).

Upon a review of the Report and Recommendation, as well as the additional exhibits submitted by plaintiff, and considering that the parties have not objected to any of Chief Magistrate Judge Gold's thorough and well-reasoned recommendations, the court finds no clear error in Judge Gold's Report and Recommendation and hereby affirms and adopts the Report and Recommendation as the opinion of the court.

/

/

/

/

/

/

/

/

/

/

Accordingly, judgment shall be entered for plaintiff IPVX and against defendant Taridium as follows: (i) $75,000, plus prejudgment interest at the rate of 3.25%, compounded annually, from July 13, 2010 to the date of final judgment; and (ii) $213.67 in costs.  The Clerk of Court is further respectfully requested to mail a copy of the judgment and this Order to defendant, note service on the docket, and close this case.

**SO ORDERED.**

Dated:    September 9, 2014
           Brooklyn, New York

                                              _____ ___/s/_____
                                              Kiyo A. Matsumoto
                                              United States District Judge